UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sharon Bridges, | ) | Civil Action No.: 4:11-cv-01517-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| Amikids Bennettsville, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## Procedural History

The plaintiff filed this action on June 21, 2011 alleging causes of action for discrimination on the basis of sex (hostile work environment) and retaliation in violation of Title VII, 42 U.S.C. §2000e. The defendant filed an Answer on August 4, 2011. Defendant filed a motion for summary judgment on February 17, 2012. Plaintiff filed a response on March 5, 2012. Defendant filed a Reply on March 15, 2012.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kaymani D, West, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In her Report, Magistrate Judge West recommends that the defendant's motion for summary judgment be granted as to both the hostile work environment sexual harassment claim and the retaliation claim. Plaintiff filed objections to the Report on June 11, 2012. Defendant filed a reply to the objections on June 21, 2012.

Plaintiff does not object to the portion of the Report which recommends that the defendant's motion for summary judgment should be granted as to the sex discrimination claim based on a hostile

1

work environment.[1] Therefore, having found no clear error in that portion of the Report, the Court adopts that portion of the Report which recommends granting the motion for summary judgment as to the hostile work environment claim of sexual harassment. In this Order, the Court will address the plaintiff's objections relating to the retaliation claim.

In conducting its review, the Court applies the following standard:

> The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).
>
> The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**Facts**

The court agrees with the factual and procedural background as set forth by the Magistrate Judge in her Report and Recommendation.[2]

---

[1] ECF No. 31, p. 6.

[2] Briefly stated, the plaintiff was employed as a Behavior Modification Specialist with the defendant, Amikids Bennettsville, Inc., a nonprofit organization that operates under contract with the South Carolina Department of Juvenile Justice a residential educational program for male juvenile offenders between 14 and 20 years of age. She alleged that her team leader, Tyrone Parnell, sent four sexually suggestive text messages to her cell phone between March 10, 2010 and April 24, 2010. On June 7, 2010, Executive Director Jerome Platt and Business Manager Theresa Judge met with Plaintiff concerning a "money" incident and a "key" incident as set forth in the Magistrate's Report. Plaintiff filed an incident report regarding the cell phone messages on June 8, 2010. Her employment was terminated on June 21, 2010.

## **Legal Standard for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that judgment on the pleading is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Id. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In this case, defendant "bears the initial burden of point to the absence of a genuine issue of material fact." Temkin v. Frederick County Commrs, 845 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. Id. and Doyle v. Sentry, Inc., 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather,

3

the nonmoving party is required to submit evidence of specific facts by way of affidavits (see Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. Baber, 977 F.2d 872, citing Celotex Corp., supra. Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993); DeLeon v. St. Joseph Hosp., Inc., 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989).

## **Retaliation Claim**

The Fourth Circuit has held that the burden-shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), also applies in analyzing retaliation claims under Title VII. Smith v. First Union Nat'l Bank, 202 F.3d 234, 248 (4th Cir. 2000). Pursuant to the McDonnell Douglas burden-shifting analysis, in order to establish a retaliation claim, a plaintiff must first make out a prima facie case by showing: (1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal connection between the protected activity and the adverse employment action." Hill v. Lockheed Martin Logistics Mgmt. Inc., 354 F.3d 277, 298 (4th Cir. 2004). Then, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse employment action. If the employer can do so, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a mere pretext for unlawful retaliation. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

The Magistrate Judge found that the plaintiff has satisfied the elements of the *prima facie* case and that the defendant has articulated legitimate, nondiscriminatory reasons for her discharge. Neither party has not objected to these findings, and the Court finds no clear error. The Magistrate,

4

however, finds that no reasonable juror could find that the reasons given for her discharge were pretext for retaliation.

This Court must view the evidence in the light most favorable to the nonmoving party on a motion for summary judgment. While the defendant makes some strong arguments for trial purposes, they are not able to show entitlement to summary judgment on the retaliation claim as a matter of law.

First, it is uncontroverted that the termination occurred only a few weeks after the discrimination complaint was made, unlike the situation in Clark County School District v. Breeden, 532 U.S. 268 (2001). In Breeden, the adverse employment action was taken twenty (20) months after the protective activity occurred.

Second, there are factual issues as to whether Platt intended to fire Plaintiff before June 8, when she filed the incident report. Unlike the factual situation in Breeden, 532 U.S. 268 (2001), the plaintiff in the case at bar does not concede that Platt was considering terminating her employment before he learned of the incident report. To the contrary, she points to the fact that the transcribed notes indicate that a meeting was held on June 7, 2010 involving Bridges, Platt, and Judge and that, viewing the evidence in a light most favorable to the plaintiff, there was no indication at the time that sanctions as serious as termination were being considered. In fact, the notes of the meeting suggest that Bridges will continue to be employed there. Regarding the "money issue", the notes reflect that Platt told Bridges that if she did not take care of returning the money to the parent "this could get serious". (ECF No. 28-5, p. 2). Bridges states that she sent a money order to the parent as instructed. Regarding the "key issue", the notes reflect that Bridges was told, "Watch putting yourself in certain situations." (ECF No. 28-5, p. 6). The record also includes a letter from defense counsel dated June 18, 2010 stating that "the conduct of Sharon Bridges as a Team Member of

AMIkids Bennettsville remains the subject of ongoing internal investigations. I am confident that Ms. Bridges will be timely notified of the outcome of these investigations when they have been completed *and management makes its decision on what actions(s) to take as a consequence of its investigations*." (ECF No. 28-6, p. 2, emphasis added).

The Court finds that factual issues exist as to whether the termination decision was made before or after the plaintiff complained about the text messages. As the Magistrate observes in her Report regarding her analysis of the *prima facie* case, "a jury could reasonably find that the decision to discharge Plaintiff was made *after* her report of sexual harassment." (ECF No. 30, p. 18). The Court also notes that the Fourth Circuit reversed the grant of a motion for summary judgment in a retaliation case in Okoli v. City of Baltimore, 648 F.3d 216 (4th Cir. 2011), even though the employer had produced evidence of a termination letter in the form of a Word document on a company computer, finding factual issues regarding the date when the document was created. Id. at 224. The Okoli court also observed that the actual termination took place *after* the report had been made by the employee, similar to the case at bar.

For the foregoing reasons, the undersigned adopts in part and respectfully rejects in part the Magistrate's Report and Recommendation and **GRANTS IN PART AND DENIES IN PART** the defendant's motion for summary judgment. The Motion for Summary Judgment is GRANTED as to the plaintiff's First Cause of Action for Title VII sex discrimination (hostile work environment) and DENIED as to the Second Cause of Action for retaliation.

The Court notes that although it has denied summary judgment on the retaliation claims, it is a close call as evidenced by the Magistrate's recommendation. The parties should mediate this case immediately if they have not already done so, and their attention is directed to the scheduling order entered today.

6

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Court Judge

August 24, 2012
Florence, South Carolina